UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALFRED DERISCHEBOURG**                                      **CIVIL ACTION**

**VERSUS**                                                                **No. 15-1712**

**OFFICER CHRIS CLARK ET AL.**                           **SECTION I**

### ORDER AND REASONS

Before the Court are (1) the motion[1] by plaintiff to file a third amended complaint and (2) the motion[2] by plaintiff to take the deposition of the Reserve Deputy Constable's Association.

Plaintiff's motions are necessitated by the apparent eleventh hour disclosure by the First City Court Constable ("Constable") and David Cantrelle that Cantrelle is not an employee of the Constable, but rather a *member* of the reserve deputy division. That disclosure contradicts the Constable's and Cantrelle's joint answer that he was, in fact, an employee of the Constable.[3] It also contradicts the Constable's and Cantrelle's admissions in this matter. *See* R. Doc. No. 122. As U.S. Magistrate Judge Wilkinson has already explained, neither Constable nor Cantrelle timely responded to the plaintiff's requests for admissions. R. Doc. No. 122. Therefore, the requests for admission—which includes a request for an admission that Cantrelle

---

[1] R. Doc. No. 166.
[2] R. Doc. No. 169
[3] R. Doc. No. 32, at 9 ("Defendants admit that Constable David Cantrell is an adult citizen of the state of Louisiana and an employee of First City Court Constable.").

was employed by the Constable, R. Doc. No. 114-3, at 3—are deemed admitted by operation of law. R. Doc. No. 122; *see also* Fed. R. Civ. P. 36(a)(3).

Defendants, for their part, did not file a written opposition to plaintiff's motions. Accordingly, in light of this Court's prior warning that a failure to file a timely opposition will result in the forfeiture of any arguments in opposition, R. Doc. No. 167, at 2, this Court holds that Cantrelle and the Constable waived all arguments in opposition to plaintiff's motions. Because Cantrelle and the Constable waived their oppositions to plaintiff's motion, the only remaining questions concern the proper remedy.

First, plaintiff asks for permission to take the deposition of the Reserve Deputy Constable's Association. Because the Association likely has discoverable information relating to, among other things, Cantrelle's training, supervision, communications, and duties, the Court will grant permission for plaintiff to take the deposition of the Reserve Deputy Constable's Association. The parties are urged to cooperate to amicably schedule the deposition and avoid the need for further judicial intervention.

Second, plaintiff asks for this Court to either (1) deny Cantrelle and the Constable the ability to withdraw the admission that Cantrelle is an employee of the Constable or (2) grant permission for plaintiff to file a third amended complaint. This Court takes the first path. The factual statement that Cantrelle is employed by the Constable in their joint answer is binding and cannot now be abandoned. *See, e.g., Johnson v. Houston's Restaurant, Inc.*, 167 F. App'x 393, 395 (5th Cir. 2006) (noting factual "assertions in pleadings are judicial admissions conclusively binding on the

party that made them"). As such, because the Constable and Cantrelle will not be permitted to argue that Cantrelle is not an employee of the Constable, there should be no need for the plaintiff to file a third amended complaint.

Accordingly,

**IT IS ORDERED** that plaintiff's motion to file a third amended complaint is **DENIED**. The Constable and Cantrelle are deemed to have conclusively admitted that Cantrelle is an employee of the Constable. Neither defendant will be permitted to withdraw that admission.

**IT IS FURTHER ORDERED** that plaintiff's motion to take the deposition of the Reserve Deputy Constable's Association is **GRANTED**. Plaintiff may take the deposition within fourteen days of this order. The parties should notify the Court via telephone no later than **March 2, 2017** if they cannot amicably schedule the deposition.

New Orleans, Louisiana, February 23, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**